UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PASCO WIGGINS JR.,

    Plaintiff,

v.                                         Case No. 8:15-cv-02478-EAK-TBM

ATLANTECH DISTRIBUTION, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's, ATLANTECH DISTRIBUTION, INC (hereafter "Defendant"), Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17), and Plaintiff's, PASCO WIGGINS JR. (hereafter "Plaintiff"), Response in Opposition to Defendant's Motion to Dismiss Amended Complaint (Doc. 19). For the reasons set forth below, Defendant's motion is **GRANTED**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed this action on September 11, 2015, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. On October 20, 2015, Defendant filed a Notice of Removal (Doc. 1). On February 19, 2016, Plaintiff filed an Amended Complaint (Doc. 16). Defendant filed the Motion to Dismiss Amended Complaint (Doc. 17) on February 22, 2016. Plaintiff filed the Response in Opposition (Doc. 19) on March 10, 2016.

In the Amended Complaint (Doc. 16) Plaintiff alleges six counts of misconduct by the Defendant in the termination of his employment. These include (1) violation of 42 U.S.C. § 1981 Discrimination, (2) violation of 42 U.S.C. § 1981 Retaliation, (3) violation of 29 U.S.C. §

1

201 Fair Labor Standard Act, (4) violation of Florida Statute Chapter 448 Unpaid Wages, (5) Discrimination Based on Disability Pursuant to Florida Statutes Chapter 760, and (6) Discrimination Pursuant to Americans With Disabilities Act of 1990 (Doc. 16). The Defendant moved to dismiss Counts II, III, and IV asserted in the Amended Complaint by the Plaintiff (Doc. 17 at 1). In the Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss Amended Complaint, Plaintiff concedes to the dismissal of Count IV for unpaid wages (Doc. 19 at ¶ 15).

The Plaintiff, a black male, was employed by Defendant from about April 24, 2014, to April, 23, 2015 as a warehouse manager and warehouse helper/back up driver (Doc. 16 at ¶ 13). Plaintiff was paid on an hourly basis throughout his employment (Doc. 16 at ¶ 14). During April, 2015, Plaintiff claims that he was not paid time and one-half his regular hourly rate for each hour worked in excess of forty (40) hours a week (Doc. 16 at ¶ 16).

In January 2015, Plaintiff needed to take time off from work due to the fact that his minor daughter was diagnosed with a serious health condition (Doc. 16 at ¶ 18). Upon Plaintiff's return to work he was demoted to the position of Warehouse Helper/Back up Driver (Doc. 16 at ¶ 20). On or about April 20, 2015, Plaintiff informed his branch manager, Wes Hill, that he again needed to take time off due to his daughter's serious health condition (Doc. 16 at ¶ 21).

Three days later Plaintiff and the new warehouse manager, Tommy Rogue, were discussing warehouse paperwork when Mr. Rogue began shouting various degrading racial comments at Plaintiff (Doc. 16 at ¶ 22). Plaintiff immediately reported the conduct to the branch manager, Wes Hill, who stated to Plaintiff that there was a zero tolerance for this and that he would take care of it (Doc. 16 at ¶ 24). Following the conversation Mr. Hill instructed Plaintiff to make a delivery outside of the office (Doc. 16 at ¶ 25). Upon his return to the office Plaintiff

was terminated (Doc. 16 at ¶ 26). Additionally Plaintiff alleges that during his employment Wes Hill, Plaintiff's branch manager, would say "boy" to Plaintiff when speaking to him and would also make racial jokes and comments (Doc. 16 at ¶ 26).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court views the complaint in a light most favorable to the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, legal conclusions are not given such a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Twombly*, 550, U.S. at 555. Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Second, a court will determine whether the factual allegations, assumed true, "plausibly give rise to an entitlement to relief." *Id.*

The rules require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere

3

possibility of misconduct;" he must "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### I. Retaliation

Defendant argues that the Plaintiff fails to provide factual allegations to support the elements of a retaliation claim under 42 U.S.C. 1981 (Doc. 17 at 2). To establish a prima facie case of retaliation under 42 U.S.C. § 1981, a plaintiff must plead factual, non-conclusory, allegations to demonstrate that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) the materially adverse action was caused by his engaging in protected activity. *Crawford v. Carrol*, 529 F.3d 961, 970 (11th Cir. 2008). A claim brought under § 1981 has the same requirements of proof and employs the same analytical framework as a Title VII claim. *Butler v. Alabama Department of Transportation*, 536 F.3d 1209, 1214 (11th Cir. 2008).

In order for a plaintiff's actions to be a protected activity he must show both that he believed in good faith that his employer was "engaged in unlawful employment practices," and that his "belief was objectively reasonable in light of the facts and record presented." *Bryant v. U.S. Steel Corp.*, 428 Fed. Appx. 895, 898 (11th Cir. 2011). "The 'opposition' must be made know[n] to the employer in the form of a complaint or some overt rejection of what the employee believes to be an illegal discriminatory practice." *Chandler v. Infinity Ins. Grp.*, No. 2:12-cv-2870-TMP, 2014 WL 2547826, at *12 (N.D. Ala. June 4, 2014). Furthermore, the Ninth Circuit noted that "not every act by an employee in opposition to racial discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Silver v. KCA. Inc.*, 586 F.2d 138, 141 (9th Cir. 1978).

4

Plaintiff's Amended Complaint fails to provide factual allegations to support the elements of a retaliation claim under 42 U.S.C. § 1981. In order to satisfy the first element, engaging in a statutorily protected activity, the plaintiff must allege that he opposed an unlawful employment practice, he cannot simply report an isolated act of discrimination by a co-worker. *See Smith v. Bottling Group, LLC*, 2016 WL 2944070 (M.D. Fla. May 20, 2016) (citing *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 961 (11th Cir 1997)). No evidence was presented to show that Defendant or any of its supervisory personnel authorized Mr. Rogue's remarks or approved of it, either before or after the incident, or whether Mr. Rogue was reprimanded.

Plaintiff also alleges that his branch manager would say "boy" to Plaintiff when speaking to him and would make racial jokes and comments but fails to state whether opposition was made to the employer regarding the remarks. *Chandler*, 2014 WL 2547826. In addition, in *McCann*, the Eleventh Circuit held that an African American employee's complaints that one white co-worker called her "girl" and called two other African American employees "boys" did not amount to severe or pervasive harassment. *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir.). The Eleventh Circuit stated "[a]lthough offensive, such instances of racially derogatory language alone, ... [were] too sporadic and isolated to establish that her employers' conduct was so objectively severe or pervasive as to alter the terms and conditions of her employment." *Id.*

Thus Plaintiff fails to provide factual allegations to show he was engaged in statutorily protected activity. For these reasons, the Court grants without prejudice Defendant's Motion to Dismiss as to Plaintiff's 42 U.S.C. § 1981 Retaliation claim.

## II.     Fair Labor Standard Act

Defendant argues that Plaintiff's Amended Complaint fails to provide any factual allegations upon which a just and reasonable inference can be made as to the amount or extent of Plaintiff's

5

unpaid overtime (Doc. 17 at 4). Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint states that "Defendant is well-aware that Plaintiff answered this Court's FLSA interrogatories over five (5) months ago with detailed pertinent information." (Doc 19 at ¶ 14).

To establish a prima facie case of liability for unpaid overtime under the FLSA, a plaintiff must demonstrate that (1) the defendant employed her; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff actually worked in excess of a 40-hour work week; and (4) the defendant failed to pay her overtime wages as required by law. *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, 2013 WL 24240 at *9 (M.D. Fla. Jan. 2, 2013).

In order to establish a prima facie case of Fair Labor Standards Act the Eleventh Circuit has required a plaintiff to at least provide allegations of the "amount and extent" of alleged unpaid overtime. *Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008). Furthermore, a plaintiff must show as a matter of "just and reasonable inference" the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA. *Cooper*, 2013 WL 24240 at *9. Additionally, to be liable under the FLSA the employer must know or have reason to believe that the employee has worked overtime hours. *See Reich v. Dep't of Conservation & Natural Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (citing 29 C.F.R. § 785.11).

In the instant case the Court considered only the Amended Complaint (Doc. 16), and the attached documents which included the EEOC Charge and the Right to Sue. Here, Plaintiff alleges that he worked for Defendant in April 2015 and that he was denied some unspecified amount of overtime pay (Doc. 16 at ¶ 16). Other than providing the general timeframe during which he worked, and claiming that he worked in excess of forty hours in a week during April,

6

2015, Plaintiff fails to provide any other factual basis in the Amended Complaint on which this Court can make a just and reasonable inference as to the amount and extent of his work. *St. Croix v. Genentech, Inc.*, 2012 WL 2376668 at *2 (M.D. Fla June 22, 2012).

Thus, Plaintiff failed to show as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA. *Cooper*, 2013 WL 24240 at *9. For these reasons, the Court grants without prejudice Defendant's motion to dismiss as to Plaintiff's FLSA claim.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. Plaintiff is granted leave to amend and may file an amended complaint within ten days of this date.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 20th day of July, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE